IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:21CR02 |
| | ) |
| TAE IL LEE, | ) |
| | ) |
| *Defendant.* | ) |

## CONSENT ORDER OF FORFEITURE

BASED UPON the terms of the plea agreement between the United States of America and defendant, and finding that there is a requisite nexus between the property listed below and the offense to which the defendant has pled guilty, and that the defendant had a legal interest in said property, IT IS HEREBY ORDERED:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(2) :

> **A sum of money of at least $1,600,000.00, which represents the proceeds the defendant obtained as a result of the offenses of conviction, and a sum for which the defendant shall be solely liable. The sum shall constitute a monetary judgment against the defendant in favor of the United States.**

2. As a result of the acts and omissions by the defendant, the Court finds that one or more of the criteria set forth in 21 U.S.C. § 853(p)(1) are present here, and the United States may seek forfeiture of any other property of the defendant up to the amount set out above pursuant to § 853(p).

3. The United States, or its agent, may take possession and maintain custody of the above described property.

4. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order in accordance with Fed. R. Crim. P. 32.2(b)(6).

5. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of their alleged interest in the property.

6. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the *final* order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property and shall dispose of the property in accordance with law.

7. This forfeiture order shall be included in the judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4). The defendant agrees not to file or interpose any claim to the property listed herein, in whole or in part, in any proceedings or manner whatsoever.

/s/ [signature]
Elizabeth W. Hanes
United States Magistrate Judge

1.19.2021
Date

The parties stipulate and agree that the aforementioned asset is property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of the offense and is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, and announcement of the forfeiture at sentencing, and consents to the entry of this order.

WE ASK FOR THIS:

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

_____
Thomas A. Garnett
Kaitlin Gratton Cooke
Assistant United States Attorneys

SEEN AND AGREED:

_____
Tae Il Lee
Defendant

_____
William O. Dinkin
Counsel for Defendant